IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| CECILIA ORTIZ<br>ROSA MARTINEZ<br>PETE CRESPO, and<br>HECTOR SIERRA, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 09-06062 |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER PORT AUTHORITY,<br>ANTHONY LUKOSIUS<br>JOHN DAMICO<br>KRISTA STELLA<br>JANE DOE<br>CITY OF PHILADELPHIA<br>SERGEANT SPRIGGS<br>NORTH BAR AND LOUNGE<br>BADCO RLS, LLC<br>LISA KENNARD, and<br>RICHARD DONATO | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |
| | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

BUCKWALTER, S. J.                                                                                       April 22, 2010

Currently pending before the Court is Plaintiffs' Motion to Remand this case to state court. Defendant Delaware River Port Authority ("DRPA") opposes this Motion, and has submitted Responses in Opposition. For the following reasons, the Court denies Plaintiffs' Motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

This 42 U.S.C. § 1983 action stems from an altercation between off-duty Delaware River Port Authority officers and Philadelphia firefighters at North Bar and Lounge, which later

resulted in the Philadelphia Police's involvement.  The salient facts pertaining to the present Motion center not on the circumstances of this incident, but rather, on an alleged defect in Defendant's removal of this case from the Court of Common Pleas to this Court.  The Court, therefore, focuses its attention on the factual background of removal.

On December 21, 2009, pursuant to 28 U.S.C. § 1441(a), Defendant filed its Notice of Removal with this Court, which is in the district "embracing the place where such action is pending."  (Notice of Removal ¶ 16.)  Defendant, in the Notice of Removal, asserts that subject matter jurisdiction exists under 28 U.S.C. § 1331, as Plaintiff alleges, inter alia, violations of section 1983.  Thus, Defendant claims that this Court would have original jurisdiction over these claims and supplemental jurisdiction over Plaintiff's related state law claims.  (Id. ¶¶ 3-4; see 28 U.S.C. §§ 1367(a), 1441(b).)  In accordance with 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty days of Defendant's receipt of the Complaint.  Attached to the Notice of Removal as exhibits were written consents to removal filed on behalf of all other Defendants in this action, with the exception of the unnamed Defendant listed as Jane Doe and Richard Donato. (Notice of Removal, Exs. B-F.)

On December 22, 2009, Plaintiffs filed a Motion to Remand on the basis of a defect in removal procedure.  Then, on January 8, 2010, Defendant filed a Brief in Opposition to Remand.  Plaintiffs filed a Reply Memorandum shortly thereafter, on January 12, 2010.  Most recently, Plaintiffs filed a Supplemental Reply Memorandum on March 24, 2010, to which Defendant responded in the form of a Surreply Brief filed on April 2, 2010.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a notice of removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. CIV.A.03-1612, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. CIV.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. CIV.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447©). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447©; N. Penn Water Auth. v. BAE Sys. Aerospace Elec., Inc., No. CIV.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). Upon a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any

doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. CIV.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

## III. DISCUSSION

Whether this case was properly removed to this Court turns on an alleged procedural defect in the removal process, namely that Defendant was required and failed to obtain co-Defendant Richard Donato's consent to removal.

Plaintiffs and Defendant both acknowledge the well-settled law that "removal generally requires unanimity among the defendants." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); see also Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition . . . ."). "Under this 'rule of unanimity,' all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b) in order to perfect removal." Ogletree v. Barnes, 851 F. Supp. 184, 186 (E.D. Pa. 1994). There are exceptions, however to the rule of unanimity, and it is the applicability of one of these exceptions to the rule of unanimity over which Plaintiffs and Defendant disagree.

"'A removing defendant need not join a co-defendant who has not been served, is merely a nominal party, has been fraudulently joined or against whom only separate and independent

4

nonremovable claims are pending.'" DiLoreto v. Costigan, No. CIV.A. 08-00989, 2008 WL 4072813, at *2 (E.D. Pa. Aug. 29, 2008); see also Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 631 (E.D. Pa. 2003) (noting that the rule of unanimity "does not apply to any defendant which has not been served or is not otherwise in receipt of the complaint by the time of removal.").[1] Here, Defendant argues that it did not need to obtain the consent of Richard Donato to its Notice of Removal pursuant to the improper service exception to the unanimity requirement. Plaintiffs, on the other hand, argue that Donato was properly served, and thus his consent was necessary and lacking. Both parties acknowledge that Plaintiff attempted to serve Donato with the Complaint at the location of his alleged employment, North Bar and Lounge. The parties, dispute, however, whether North Bar and Lounge served as Donato's "place of business" within the meaning of Pennsylvania Rule of Civil Procedure 402 at the time of service.

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." FED. R. CIV. P. 4(e)(1). The Court, thus, turns to the Pennsylvania Rules of Civil Procedure. "Under Pennsylvania law, specifically Pennsylvania Rule of Civil Procedure 402, service upon an individual may be effected by delivery at 'any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.'" Kingvision Pay-Per View Corp., Ltd. v. 2501 X Factor, Inc., No. CIV.A.05-3359, 2005 WL 3470635, at *2 (E.D. Pa. Dec. 16, 2005). "Courts in this district have routinely interpreted the phrase 'office or usual

---

[1] Defendant Jane Doe is an unknown defendant, and thus her consent is not required here. See Furey v. Binder, No. CIV.A.09-3204, 2009 WL 2602428, at *2 (E.D. Pa. Aug. 24, 2009).

place of business of the defendant' as referring to a place where the defendant has a 'proprietary interest' and not where the defendant is 'merely an employee.'" Wadhwa v. Nicholson, No. CIV.A.07-3301, 2009 WL 1119509, at *3-4 (E.D. Pa. Apr. 24, 2009) (citing cases). Accordingly, in order for Donato to have been served properly at North Bar and Lounge, he must not only have been employed by North Bar and Lounge at that time of service, but also he must have had sufficient "proprietary interest" or control over North Bar. See Williams v. Office of Public Defender County of Lehigh, 586 A.2d 924, 925 (Pa. Super. Ct. 1990) (discussing relevant Pennsylvania Supreme Court precedent).

On this point, both Plaintiffs and Defendant have submitted affidavits from individuals allegedly knowledgeable of North Bar and Lounge's operations and Mr. Donato's relation to the business.[2] Defendant submitted two affidavits, one from Lisa Kennard, the President of Badco RLS, LLC, which owns and operates North Bar and Lounge, and the other from Benjamin Reiter, the manager of North Bar and Lounge. In their affidavits, Kennard and Reiter provide that they are familiar with an individual known as Richard Donato, and that "North Bar and Lounge did not at any time hire, employ or otherwise engage Richard Donato as its employee." (Kennard Aff. ¶ 6; Reiter Aff. ¶ 3). Kennard also specifies in her Affidavit that "Badco RLS, LLC did not

---

[2] Although Plaintiffs submitted a purported business card containing the name "Richard Donato" and a North Bar and Lounge logo as evidence of Donato's association with North Bar, the card remains unauthenticated and contains no title for Donato. Accordingly, the Court solely relies on the parties' affidavits in resolving the instant Motion. Even if the Court were to consider this business card in its analysis, the card lists no title for Donato, and as a result, cannot support an inference that Donato held a proprietary interest in North Bar and Lounge sufficient for service to be effective at this location.

at any time hire, employ, or otherwise engage Richard Donato as its employee." (Kennard Aff. ¶ 5).

In contrast to these two Affidavits, Plaintiffs submit an Affidavit from Raul Ortiz, who is a former employee of North Bar and Lounge, the brother of Plaintiff Cecilia Ortiz, and the brother-in-law of Plaintiff Hector Sierra, Cecilia's husband. (Raul Ortiz Aff. ¶¶ 2, 5.) In his Affidavit, Raul Ortiz provides that Donato worked as "the manager and/or operator of the bar," responsible for hiring, firing, paying, and assigning work to employees. (Raul Ortiz Aff. ¶ 3.) Raul Ortiz further states that Donato in fact hired and, a few months later, fired Ortiz from his employment at North Bar and Lounge. (Raul Ortiz Aff. ¶¶ 1-2.)

Based on its consideration of these Affidavits, the Court finds that Defendant has met its burden to demonstrate the propriety of removal. For the purposes of resolving the instant Motion only, there is no substantial doubt that Richard Donato was improperly served at North Bar and Lounge, and thus Donato's consent was unnecessary to effect removal. The two affidavits Defendant provides are from individuals with significant supervisory responsibility at North Bar. Kennard, as president of the owning LLC, and Reiter, as manager of the Bar, hold positions at North Bar that allow them to speak with greater authority than Raul Ortiz, a former North Bar employee with only unspecified responsibilities, on whether Donato was an employee of North Bar. Thus, notwithstanding Ortiz's contrary Affidavit, the Court finds, for purposes of this opinion, that Donato was not an employee at North Bar and could not be served at that location. Since service of Donato at North Bar and Lounge was improper, Defendant did not need to obtain Donato's consent to removal in order to comply with the rule of unanimity. Defendant, therefore, properly removed this action to this Court.

## IV. CONCLUSION

According to the rationale set forth above, the Court denies Plaintiffs' Motion to Remand.

An appropriate order follows.