IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CECILIA ORTIZ, ROSA MARTINEZ, PETE CRESPO, and HECTOR SIERRA<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE RIVER PORT AUTHORITY, OFFICER ANTHONY LUKOSIUS, OFFICER JOHN D'AMICO, Individually and as police officers for the Delaware River Port Authority, KRISTA STELLA, SHARON GAHAGAN, CITY OF PHILADELPHIA, SGT. SPRIGGS, Individually and as a Philadelphia police officer, NORTH BAR AND LOUNGE, BADCO RLS, LLC, LISA KENNARD, and RICHARD DONATO<br><br>Defendants. | : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br>NO. 09-6062 |

FILED
NOV 10 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

BUCKWALTER, S. J.                                                                                November 9, 2010

Presently before the Court is Defendant Lisa Kennard's Motion to Dismiss Plaintiffs' Claims Alleging Federal Civil Rights Violations pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant Kennard's Motion is denied.

I.    **FACTUAL AND PROCEDURAL HISTORY**

This case stems from an incident on July 18, 2009, in which Plaintiffs Cecilia Ortiz, Rosa Martinez, Pete Crespo, and Hector Sierra ("Plaintiffs") were at the North Bar and Lounge, located at 222 South Street in Philadelphia, Pennsylvania. (Am. Compl. ¶ 22.) According to the Amended Complaint, Plaintiffs Ortiz and Martinez were, without any cause or justification,

confronted and verbally abused by Defendants Krista Stella and Sharon Gahagan. (Id. ¶ 23.) Defendants Stella and Gahagan then told Defendants Anthony Lukosius and John D'Amico about their encounter with Plaintiffs Ortiz and Martinez. (Id. ¶ 24.) Defendants Lukosius and D'Amico, who Plaintiffs allege were visibly intoxicated and identified themselves as law enforcement officers for the Delaware River Port Authority, approached Plaintiffs Ortiz and Martinez and physically assaulted them, causing injury. (Id. ¶¶ 24-32.) Defendant Richard Donato, an employee of the North Bar and Lounge (id. ¶ 17), then assisted Defendants D'Amico and Lukosius to eject Plaintiffs Ortiz and Martinez from the bar, causing them further injury. (Id. ¶¶ 31-32.)

Once they were outside of the bar, Plaintiffs informed Defendant Spriggs,[1] a Philadelphia police officer, that Plaintiffs Ortiz and Martinez had been attacked. (Id. ¶¶ 33-34.) According to Plaintiffs, despite the fact that probable cause existed to arrest Defendants D'Amico, Lukosius, and Donato, Defendant Spriggs instead arrested Plaintiff Sierra, Plaintiff Ortiz's husband, without cause or justification. (Id. ¶ 35.)

Plaintiffs allege that after the incident, Defendant Lisa Kennard, a corporate officer of BadCo RLS, LLC, which owns the North Bar and Lounge, (id. ¶¶ 15-16), "fabricated evidence to support the use of force, detention and/or arrest against the Plaintiffs and to coverup [sic] the Defendants' misconduct." (Id. ¶ 39.) Plaintiffs allege that Defendant Kennard acted "with the assistance or acquiescence of Defendant Spriggs and other officers and officials of the Philadelphia Police Department." (Id.) Plaintiffs also claim that Defendant Kennard violated their due process right to access the courts by providing false information about the incident,

---

[1] The Amended Complaint does not list Defendant Spriggs's first name.

concealing Defendant Donato's connection to the North Bar and Lounge, and thwarting efforts to serve Defendant Donato with process in this case. (Id.)

Plaintiffs initiated a suit in state court and, on December 21, 2009, Defendants removed it to federal court. Plaintiffs filed their Amended Complaint on July 28, 2010, alleging that Defendant Kennard's conspiracy with the other Defendants in this case deprived Plaintiffs of their rights, privileges, and immunities under the Fourth and Fourteenth Amendments to the Constutition and 42 U.S.C. § 1983. (Id. ¶¶ 56-57.) On August 16, 2010, Defendant Kennard filed the present Motion to Dismiss Plaintiffs' Claims. Plaintiffs filed a Response on August 18, 2010, which was followed by Defendant Kennard's Reply on September 2, 2010 and Plaintiffs' Sur-Reply on September 3, 2010.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. CIV.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. CIV.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. Jul. 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. FED. R. CIV. P. 8; Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

Defendant Kennard's Motion to Dismiss seeks dismissal of (1) Plaintiffs' federal civil rights claims under 42 U.S.C. § 1983 and (2) Plaintiffs' claims for punitive damages and costs of suit. The Court addresses each issue separately.

### A. Whether Plaintiffs Have Stated a Claim Pursuant to 42 U.S.C. § 1983

A claim brought under 42 U.S.C. § 1983[2] "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Although most constitutional rights are protected only against governmental infringement, a private party can be subjected to liability under § 1983 if it acts under color of law. Flagg Bros. v. Brooks, 436 U.S. 149, 156 (1978). State action will be attributed to the actions of a private party when: (1) "the private entity has exercised powers that are traditionally in the *exclusive* prerogative of the state"; (2) "the private party has acted with the help of or in concert with state officials"; or (3) "[t]he State has so far insinuated itself into a position of interdependence with . . . [the acting party] that it must be recognized as a joint participant in the challenged activity." Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995) (internal

---

[2] 42 U.S.C. § 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id.

quotations and citations omitted).

Here, Plaintiffs allege that Defendant Kennard worked with Defendant Spriggs and other members of the Philadelphia Police Department to fabricate evidence that would justify "the use of force, detention and/or arrest against the Plaintiffs and to coverup [sic] the Defendants' misconduct." (Am. Compl. ¶ 39.) Plaintiffs claim that Defendant Kennard's fabrication of evidence violated their Fourteenth Amendment due process right to access the courts[3] and litigate their Fourth Amendment claims against the other Defendants.[4] (Pls.' Mem. Opp'n Mot. Dismiss

---

[3] Both the Third Circuit and the United States Supreme Court have acknowledged that the right to access the courts is protected by the Constitution. See Estate of Smith v. Marasco, 318 F.3d 497, 511 (3d Cir. 2003) ("Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause.") (citations omitted); Wolff v. McDonnell, 418 U.S. 539, 579 (1974) ("The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.").

[4] There seems to be some confusion as to which constitutionally-protected civil rights Defendant Kennard has allegedly violated. The Amended Complaint states that Defendants, including Defendant Kennard, deprived Plaintiffs "of rights, privileges and immunities secured by the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment and 42 U.S.C. § 1983 . . . ." (Am. Compl. ¶ 57.) Defendant Kennard has interpreted this language to mean that Plaintiffs are claiming Fourth and Fourteenth Amendment violations against her personally, and has asked the Court to dismiss both claims. (Def.'s Mot. Dismiss 1.) Plaintiffs, however, argue that Defendant Kennard's "request for dismissal is based on the misconception that Plaintiffs' federal claim against Lisa Kennard is rooted in her participation in the Fourth Amendment violations." (Pls.' Mem. Opp'n Mot. Dismiss 3.) Rather, Plaintiffs assert that their "federal claim against Defendant Kennard is based on her direct interference, in conspiracy with state actors, with Plaintiffs' Fourteenth Amendment due process right to access the courts to litigate the underlying Fourth Amendment claims." (Id.) Plaintiffs state that "[w]hile participation in the coverup conspiracy does not establish Kennard's liability for the underlying Fourth Amendment violations, . . . her coverup misconduct is actionable under the Fourteenth Amendment." (Id. at 5 n.1.)

Because there are no allegations in the Amended Complaint to support a claim against Defendant Kennard pursuant to the Fourth Amendment, and because Plaintiffs' Answer to the Motion to Dismiss makes clear that Plaintiffs are only pursuing a Fourteenth Amendment claim against Defendant Kennard, the Court finds that Plaintiffs are not asserting a claim against

4.) Defendant Kennard argues that Plaintiffs have not alleged sufficient facts to establish that she acted under color of state law, and cites three cases in her Motion to Dismiss to support this argument. In the first case, Cruz v. Donnelly, 727 F.2d 79 (3d Cir. 1984), the plaintiff alleged that the manager of a retail food store acted under color of law when he "ordered and commanded" police officers to strip search the plaintiff to determine if he had stolen from the store. Id. at 79-80. The Third Circuit concluded that state action could not be attributed to either the manager or the store, because the plaintiff had not proved

> the existence of a pre-arranged plan by which the police substituted the judgment of private parties for their own official authority. Absent allegations or facts tending to show such a plan, neither [defendant] can be said to have engaged in the 'concert[ed]' or 'joint action' with the police necessary to bring them within the scope of a § 1983 claim.

Id. at 80.

There are two important distinctions between Cruz and the present case. First, Cruz was an appeal from an order granting the defendants' motion for summary judgment. Id. at 79. The Third Circuit therefore considered the evidence obtained during discovery before determining that "[t]he supporting affidavits filed by Cruz simply reiterate the allegations of his complaint," and that the private party defendants did not act in concert with the government. Id. at 80. Here, on the other hand, the Court is deciding a Motion to Dismiss, and is not weighing evidence to determine whether Defendant Kennard actually acted under color of state law. Rather, the Court is simply deciding whether Plaintiffs have made sufficient allegations to allow the § 1983 claim to proceed past the pleadings stage. Second, the Cruz court found that there was no pre-arranged plan between the defendants and the police that could be considered concerted or joint action. Id.

---

Defendant Kennard pursuant to the Fourth Amendment.

Plaintiffs in this case have stated that Defendant Kennard conspired with Defendant Spriggs, a police officer, to fabricate evidence. By asserting the existence of a conspiracy, which inherently involves a pre-arranged plan, Plaintiffs have sufficiently alleged joint or concerted action between Defendant Kennard and a state actor.[5]

The next case cited by Defendant Kennard is Collins v. Christie, No. CIV.A.06-4702, 2007 WL 2407105, at *3 (E.D. Pa. Aug. 22, 2007). In Collins, the plaintiff alleged that the defendant, a doctor, submitted to the police an incorrect diagnosis which he knew would lead to the plaintiff's arrest. Id. at *4. The court found that the mere furnishing of false information by a private party to the police did not constitute a concerted action for the purposes of establishing a § 1983 claim. Id. at *4-5. Here, however, Plaintiffs have alleged that Defendant Kennard had "assistance or acquiescence" from Defendant Spriggs in fabricating evidence that would deprive Plaintiffs of a constitutional right. Though this description of the relationship between Defendants Kennard and Spriggs is admittedly vague, the Court finds that it sufficiently alleges a concerted action.

The final case cited by Defendant Kennard is Smith v. Superfresh Mkt., No. CIV.A.86-5284, 1986 WL 13304 (E.D. Pa. Nov. 20, 1986). In that case, the plaintiff alleged that after a dispute with another customer at a grocery store, he was handcuffed by the store's employees and

---

[5] In Pennsylvania, a civil conspiracy claim must allege: "'(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage.'" Berger v. Zeghibe, No. CIV.A.08-5861, 2010 WL 4054274, at *4 (E.D. Pa. Oct. 14, 2010) (quoting Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008)). Here, Plaintiffs satisfied these elements by claiming that Defendants Kennard and Spriggs acted unlawfully to deprive them of a constitutional right, that they did this by fabricating evidence, and that Plaintiffs suffered damages by being deprived of their ability to seek redress in the courts.

subsequently arrested by police. Id. at *1. The court found that the plaintiff failed to allege any joint action or conspiracy between the store and the police, and so it declined to find that the store acted under color of state law. Id. Once again, Plaintiffs in the present case have alleged concerted action between Defendant Kennard and the police, making these facts distinguishable from those in Smith.

Accepting the factual allegations of the Amended Complaint as true and construing them in a manner most favorable to Plaintiffs, the Court finds that Plaintiffs have stated a claim against Defendant Kennard pursuant to 42 U.S.C. § 1983. As noted above, a private party may be liable under § 1983 if, by acting with the help of or in concert with a state official, he or she violates a plaintiff's constitutional right. Mark, 51 F.3d at 1142. Here, the Amended Complaint expressly states that Defendant Kennard conspired with Defendant Spriggs – a state official by virtue of his position as a police officer – to fabricate evidence to cover-up the alleged wrongdoing of the other Defendants, and that such fabrication interfered with Plaintiffs' right to access the courts. The Court finds that these allegations satisfy the elements for a claim under 42 U.S.C. § 1983. In making this finding, however, the Court emphasizes that Plaintiffs still have the burden of actually proving not only that Defendant Kennard fabricated evidence related to this case, but that this act violated their right to access the courts *and* was done as part of a conspiracy with Defendant Spriggs or other police officers.

### B. Whether Plaintiffs Have Stated a Claim for Punitive Damages

Plaintiffs have requested punitive damages for both their 42 U.S.C. § 1983 claim against Defendant Kennard (Am. Compl. ¶ 58) and for various supplemental state law claims against her. (Id. ¶¶ 113-15.) The Supreme Court has held that punitive damages may be awarded in a §

1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Under Pennsylvania law, which is similar to the federal standard, "punitive damages are appropriately awarded when a defendant's conduct is outrageous due to evil motive or reckless indifference to the rights of others." Pugh v. Downs, No. CIV.A.09-1572, 2010 WL 2331430, at *5 (E.D. Pa. June 4, 2010) (citing Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005)).

Defendant Kennard moves to dismiss Plaintiffs' punitive damages claim, but does not indicate whether she is referring to the 42 U.S.C. § 1983 claim, the supplemental state law claims, or both. Rather, she simply states that, under Pennsylvania law, Plaintiffs are not entitled to punitive damages because they have failed to prove that she acted "with willful, malicious, or wanton disregard for Plaintiffs' rights." (Def.'s Mot. to Dismiss 18.) Nevertheless, regardless of whether Defendant Kennard is seeking to dismiss Plaintiffs' request for punitive damages in connection with the § 1983 claim or the supplemental state law claims, the Court lacks sufficient evidence at the pleadings stage to determine whether her conduct warrants an award of punitive damages. As such, in deciding whether a claim has been stated, the Court looks to the information contained in the Amended Complaint. Assuming that Plaintiffs' allegations are true, Defendant Kennard's act of fabricating evidence in an attempt to deny Plaintiffs meaningful access to the courts could conceivably be construed as reckless or callous indifference to Plaintiffs' rights. The Court therefore finds that Plaintiffs have stated a claim against Defendant Kennard for punitive damages.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs' allegation that Defendant Lisa Kennard conspired with Defendant Spriggs and other police officers to fabricate evidence and deprive Plaintiffs of their due process right to access the courts sufficiently states a claim for relief, including potential punitive damages, pursuant to 42 U.S.C. § 1983. Defendant's Motion to Dismiss Plaintiffs' Claims Alleging Civil Rights Violations is therefore denied.

An appropriate order follows.